# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND ROLLARSON,<br><br>Petitioner,<br><br>v.<br><br>ON HABEAS CORPUS,<br><br>Respondent. | Case No. 1:24-cv-01527-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

In 1986, Petitioner was convicted of first-degree murder, first-degree robbery, and kidnapping. Petitioner was sentenced to an imprisonment term of life without the possibility of parole. (ECF No. 1 at 1.[1]) In 2022, Petitioner filed a petition for resentencing in the Merced County Superior Court, which denied the petition. (Id. at 3–4, 11.) Petitioner appealed, and the California Court of Appeal, Fifth Appellate District affirmed the denial on November 6, 2023. (Id. at 11, 20, 27, 28.)

On December 16, 2024, Petitioner filed the instant petition for writ of habeas corpus, alleging that a "state impediment" occurred when his attorney did not advise Petitioner that his

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

resentencing appeal was denied and thus, Petitioner was unable to timely file a petition for review in the California Supreme Court. (ECF No. 1 at 5.) Petitioner requests that he "be allow[ed] to have [his] case sent back to the Superior Court for review." (Id. at 15.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he second use of 'in custody' in the statute requires literally that the person applying for the writ is contending that he is 'in custody' in violation of *the Constitution or other federal laws*." Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010) (emphasis added). See Dickerson v. United States, 530 U.S. 428, 439 n.3 (2000).

To the extent Petitioner asserts that he is entitled to resentencing relief, that is an issue of state law and errors of state law generally do not warrant federal habeas corpus relief. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citations omitted)).

To the extent Petitioner seeks federal habeas relief based on ineffective assistance of counsel for the alleged failure to advise Petitioner of the California Court of Appeal's disposition, the Court finds that such a claim is not cognizable because "[t]here is no

constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991) (citations omitted). See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); Nguyen v. Acevedo, No. 2:23-cv-01086-DAD-JDP, 2024 WL 4564248, at *2 (E.D. Cal. Oct. 24, 2024) ("district courts in this circuit have routinely found that there is no federal constitutional right to counsel in resentencing proceedings"); Williams v. Martinez, No. 2:22-cv-1593-DAD-KJN, 2023 WL 4748560, at *6 (E.D. Cal. July 25, 2023) ("Resentencing proceedings under California Penal Code § 1170.95 are the type of postconviction proceedings in which there is no federal constitutional right to counsel."), report and recommendation adopted, 2023 WL 8097024 (E.D. Cal. Nov. 21, 2023).

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

///

Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 23, 2025**

STANLEY A. BOONE
United States Magistrate Judge